959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard STEPPE, Jr., Plaintiff-Appellant,
v.
D.A. ENGELHARDT, Defendant-Appellee.
 No. 90-55895.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1991.*
Submission Deferred Aug. 27, 1991.
Resubmitted Jan. 30, 1992.
Decided April 3, 1992.
 
 Before EUGENE A. WRIGHT, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pro se plaintiff, Bernard Steppe, challenges the magistrate's determination that his arrest for public intoxication did not violate his constitutional rights, that Steppe's detention did not constitute involuntary servitude, and that the arresting officer, Englehardt, was entitled to qualified immunity under federal law. The district court had jurisdiction under 28 U.S.C. § 1331. The parties consented to have the matter heard before a magistrate pursuant to 28 U.S.C. § 636(c)(1). Steppe timely appeals under Fed.R.App.P. 4(a)(1) contending both that the evidence was insufficient to support the magistrate's holding, and that the magistrate incorrectly applied the law to his case. The judgment is appealable under 28 U.S.C. § 1291 and 28 U.S.C. § 636(c)(3).
 
 
 3
 This action arose out of Deputy Engelhardt's arrest of Steppe for violating section 647(f) of the Cal.Penal Code, which provides that persons who are intoxicated in public and who are unable to care for either their own safety or the safety of others because of their intoxication are guilty of disorderly conduct. Steppe was held for five hours before being released pursuant to Cal.Penal Code § 849(b)(2).[1] He brought this action seeking general and punitive damages in the amount of $10 million for alleged violations of his constitutional rights.
 
 
 4
 Steppe raises several issues on appeal. He claims that the magistrate erred in holding that: (a) the phrase "public place", as used in Cal.Penal Code § 647(f), is not unconstitutionally vague; (b) there was probable cause for his arrest; (c) the evidence demonstrated no excessive force was used; (d) his arrest did not amount to kidnapping and slavery; (e) Englehardt was entitled to qualified immunity; and (f) Englehardt was not obliged to call a witness whom he properly subpoenaed for Steppe to examine. We find these claims to be without merit and affirm the magistrate's judgment.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 849(b) provides that "[a]ny peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever: (2) The person arrested was arrested for intoxication only, and no further proceedings are desirable."